United States District Court
Middle District of Florida
Jacksonville Division

**LISA KIMBERLY RIGSBY,**

    *Plaintiff,*

v.                                    No. 3:18-cv-1343-J-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

# Order

Earlier in the case, the Court reversed the Commissioner of Social Security's denial of Lisa Rigsby's applications for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 19, 20. She now requests, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, $7078.75 in attorney's fees.* Doc. 21. The Commissioner has no opposition. Doc. 21 at 2.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in a case against the United States, (2) she timely requested them, (3) her net worth did not exceed $2 million when she filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

---

*With her request for attorney's fees, Rigsby includes a paragraph requesting $400 in costs for filing the complaint. Doc. 21 at 3–4. But Rigsby proceeded in forma pauperis, Doc. 5, and therefore never paid costs. The Court presumes Rigsby's counsel used a template and included the paragraph by mistake and construes the request as one for attorney's fees only. Because this mistake has happened in another recent case, counsel is cautioned to use care in reviewing motions before filing.

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA request must allege the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if alleged, the Commissioner must show it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422–23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Rigsby prevailed because the Court ordered a sentence-four remand. Docs. 19, 20. Her June 15, 2020, request, Doc. 21, is timely because she made it within thirty days of when the Court's March 23, 2020, judgment, Doc. 20, became final. She represents that her net worth is less than $2 million, Doc. 21 at 2, and her affidavit with her motion for leave to proceed in forma pauperis shows her net worth did not exceed $2 million when she filed the case, Doc. 2. Her motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 21 at 1–2, and the Commissioner has not tried to satisfy his burden of showing otherwise. The Commissioner does not contend this case presents a special circumstance, and none is apparent. Thus, Rigsby is eligible to receive an EAJA award, and the only remaining issue is whether the requested amount is reasonable.

The EAJA provides an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except … shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor,

such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). An EAJA award is to the party, not her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court is "'itself an expert'" on reasonable rates, may consider its own "'knowledge and experience'" about reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). If there is lack of support, a court may make the award on its own experience if it provides sufficient information to allow meaningful review. *Id.* at 1303–04.

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Fees for time spent preparing an EAJA request are allowed. *Jean v. Nelson,* 863 F.2d 759, 779–80 (11th Cir. 1988).

Rigsby is represented by Erik Berger, Esquire. Berger provides no affidavit on his experience or customary rate, but it is known in the legal community and reflected in his many appearances in social-security cases here he specializes in social-security work and has done so for many years. Records of The Florida Bar indicate Berger has been a member since 1997. *See* "Find a Lawyer" on www.floridabar.org.

Rigsby submits an "Itemization of Time" from Berger's firm. Doc. 21 at 6. Berger spent 39.6 hours on the case between October 2018 and May 2020. Doc. 21 at 6. Based on an agreement between the parties, Rigsby seeks fees for only 35 hours of work. Doc. 21 at 3 n.2, and 6 n.3. The itemization shows the tasks Berger performed and the time he took to perform them. Tasks included preparing the complaint, reviewing the administrative record, preparing the brief, and preparing the EAJA petition. Doc. 21 at 6. The administrative record is almost 900 pages. Docs. 13–13-15.

Rigsby's $7078.75 request is based on the total time (35 hours) multiplied by $202.25. Doc. 21 at 3. The $202.25 rate is based on the $125 EAJA cap and a cost-of-living increase indexed from March 1996 to November 2018 (when Rigsby filed the complaint) using the Consumer Price Index. Doc. 21 at 2–3.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the information provided and the Court's own knowledge and expertise, the Court finds the market rate in Jacksonville for services provided by lawyers of comparable skills, experience, and reputation exceeds $125 an hour.

On the second step (determining whether to adjust the rate upward from $125), the Court finds the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living from March 1996 to when Berger performed his work. The $202.25 rate that Rigsby proposes for Berger's work is appropriate (and slightly lower than the $202.34 rate calculated using the CPI Inflation Calculator). *See* U.S. Dept. of Labor, Bureau of Labor Stats., CPI Inflation

4

Calculator https://www.bls.gov/data/inflation_calculator.htm (last visited June 18, 2020).

On the reasonableness of the hours, none of the work appears clerical or secretarial, and none appears excludable as unnecessary. *See* Doc. 21 at 6. The stipulated number of hours is reasonable.

Using the number of hours (35) and requested rate ($202.25), attorney's fees of $7078.75 are reasonable.

Because Rigsby is eligible and the attorney's fees are reasonable, the Court grants the petition for EAJA fees, Doc. 21; awards her $7078.75 in attorney's fees; and directs the Clerk of Court to enter judgment for Lisa Rigsby and against the Commissioner in the amount of $7078.75 in attorney's fees. The Court leaves to the Commissioner's discretion whether to accept Rigsby's assignment of EAJA fees to Berger after determining if Rigsby owes a federal debt. *See* Doc. 21 at 4; Doc. 21-1.

**Ordered** in Jacksonville, Florida, on June 23, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Counsel of Record